UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL CASTLE,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.
_____

**DECISION AND ORDER**

6:18-cr-06017 EAW
6:23-cv-06299 EAW

## I.    <u>INTRODUCTION</u>

Represented by counsel, petitioner Michael Castle ("Petitioner" or "Defendant") has filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct the sentence imposed pursuant to a plea agreement. (Dkt. 71).[1] Petitioner argues that his conviction for carrying and possessing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c) is invalid under the Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022). For the reasons set forth below, the Court concludes that Petitioner's claim is procedurally defaulted and cannot serve as a basis for the relief he seeks. The Court accordingly denies Petitioner's § 2255 motion.

---

[1] All references to the docket in the instant Decision and Order are to the docket in Criminal Action No. 6:18-cr-06017 EAW.

## II.     BACKGROUND

On November 4, 2015, Petitioner was charged by criminal complaint with violating 18 U.S.C. § 1951(a). (Dkt. 1). On June 25, 2018, pursuant to a plea agreement, Petitioner pleaded guilty to a felony information charging five counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (counts 1 through 5), one count of attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (count 6), and one count of carrying a firearm during or in relation to, and possessing a firearm in furtherance of, a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Dkt. 52; Dkt. 53; Dkt. 54). The crime of violence on which count 7 was predicated was the attempted Hobbs Act robbery charged in count 6. (Dkt. 52 at 5).

On January 11, 2019, Petitioner was sentenced to 36 months of incarceration and three years of supervised release on each of counts 1 through 6, to run concurrently. (Dkt. 65). Petitioner was also sentenced to 60 months of incarceration, to run consecutively, and three years of supervised release, to run concurrently, on count 7. (*Id.*). Judgment was entered on January 17, 2019. (Dkt. 66). Petitioner did not pursue a direct appeal.

The Supreme Court issued its decision in *Taylor* on June 21, 2022, holding that attempted Hobbs Act robbery is not a crime of violence under 18 U.S.C. § 924(c)(3)(A)'s elements clause. 596 U.S. at 851.

Petitioner filed his § 2255 motion on June 1, 2023, less than one year after the *Taylor* decision. (Dkt. 71). The government filed opposition papers (Dkt. 74), and Petitioner filed a reply (Dkt. 79).

### III.    DISCUSSION

The sole issue raised in Petitioner's § 2255 motion is the validity of his conviction on count 7 in light of the Supreme Court's decision in *Taylor*. The government argues in opposition that Petitioner's claim is unpreserved and procedurally barred, and that his § 2255 motion is barred by the collateral attack waiver in his plea agreement. The Court agrees that Petitioner's claim is unpreserved and procedurally barred, and therefore does not reach the issue of whether the petition is barred by the collateral attack wavier in the plea agreement.

"[A] collateral challenge may not do service for an appeal," *United States v. Frady*, 456 U.S. 152, 165 (1982), and so "[i]n general, a defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal," *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011). "An exception applies, however, if the defendant establishes (1) cause for the procedural default and ensuing prejudice or (2) actual innocence." *Thorn*, 659 F.3d at 231.

Petitioner cannot establish cause. "[A] claim that is so novel that its legal basis is not reasonably available to counsel may constitute cause for a procedural default." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quotation and citation omitted). "Novelty, or futility, however, cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Gupta v. United States*, 913 F.3d 81, 84-85 (2d Cir. 2019) (quotation and citation omitted).

Petitioner pleaded guilty on June 25, 2018. (Dkt. 54). He was sentenced and judgment was entered in January 2019. (Dkt. 65; Dkt. 66). At all relevant times, he had

- 3 -

available the information necessary to pursue the legal argument that attempted Hobbs Act robbery was not a crime of violence within the meaning of § 924(c)(3)(A)'s elements clause.

As Petitioner acknowledges, the Supreme Court's decision in *Taylor* is "the descendent of a line of cases that originated with *Johnson v. United States*, 576 U.S. 591 (2015)." (Dkt. 79 at 2). Following *Johnson*, and in ample time for Petitioner to have pursued the matter on direct appeal, criminal defendants across the nation argued that attempted Hobbs Act robbery was not a valid predicate crime of violence for purposes of a § 924(c) conviction. *See, e.g., Hartsfield v. United States*, 719 F. App'x 972, 973 (11th Cir. 2018) ("The district court granted a certificate of appealability as to whether Movant's conviction for attempted Hobbs Act robbery qualifies as a violent felony under § 924(c)(3)(A) in light of *Johnson*." (internal quotations omitted)); *United States v. Wheeler*, 857 F.3d 742, 743-44 (7th Cir. 2017) ("James Wheeler pleaded guilty to an attempt to obstruct interstate commerce by robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and to using a gun (by shooting someone) during that crime. . . . Wheeler now insists that he cannot be guilty because attempted robbery is not a 'crime of violence.'"); *In re Gomez*, 830 F.3d 1225, 1228 (11th Cir. 2016) ("[A]nother one of Gomez's potential predicate offenses—attempt to commit Hobbs Act robbery—may not 'categorically' qualify as a crime of violence for purposes of § 924(c)'s elements clause. . . . Although we have held that Hobbs Act robbery qualifies as an elements-clause predicate, we have yet to consider attempted Hobbs Act robbery."); *Smiley v. United States*, No. 1:16CV514-MHT, 2018 WL 9708501, at *1 (M.D. Ala. July 20, 2018) ("On June 27,

- 4 -

2016, Smiley filed the instant § 2255 motion arguing that, in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), attempted Hobbs Act robbery cannot qualify as a predicate 'crime of violence' for his § 924(c) conviction, and therefore his conviction and sentence under § 924(c) are invalid."), *adopted*, 2019 WL 4727855 (M.D. Ala. Sept. 26, 2019), *aff'd*, 819 F. App'x 850 (11th Cir. 2020); *Soto-Martinez v. United States*, No. 16-23117-CIV, 2017 WL 11470286, at *1 (S.D. Fla. Nov. 3, 2017) ("The movant argues that, because neither Hobbs Act robbery nor attempted Hobbs Act robbery . . . qualify as a 'crime of violence' post-*Johnson*, he is entitled to vacatur of Counts 2 and 4 of the Superseding Information, the § 924(c) convictions."), *adopted*, 2017 WL 11470267 (S.D. Fla. Nov. 27, 2017).

Not only were defendants across the country pursuing the legal theory that ultimately prevailed in *Taylor* post-*Johnson*, but a defendant in this District also argued in November 2017 that "he [could not] be charged with using a firearm during a crime of violence because the underlying crimes—here, attempted Hobbs Act robbery and conspiracy to commit Hobbs Act robbery—are not crimes of violence." *United States v. Rucker*, No. 15-CR-6079 (FPG), 2017 WL 9730255, at *5 (W.D.N.Y. Nov. 20, 2017). Under these circumstances, it is clear that the legal issue presented by the instant § 2255 motion was not "novel" at the time of Petitioner's guilty plea, nor at the time of sentencing and judgment.

Petitioner argues that he has established cause because when the Second Circuit did take up the issue in April 2021, it "held that attempted Hobbs Act robbery was a valid predicate 'crime of violence' under the elements clause of 18 U.S.C. § 924(c)(3)(A)." (Dkt.

79 at 3 (citing *United States v. McCoy*, 995 F.3d 32 (2d Cir. 2021)). This argument is foreclosed by the well-established rule that "[n]ovelty, or futility . . . cannot constitute cause if it means simply that a claim was unacceptable to [a] particular court at [a] particular time." *Gupta*, 913 F.3d at 84-85 (2d Cir. 2019) (quotations and citation omitted). Moreover, it was certainly not a foregone conclusion that the Second Circuit would reach this conclusion, particularly given that the Fourth Circuit reached the opposite conclusion in 2020. *See United States v. Taylor*, 979 F.3d 203, 208 (4th Cir. 2020), *aff'd*, 596 U.S. 845 (2022).

The district court cases Petitioner cites in which cause was found (*see* Dkt. 79 at 4-5) are readily distinguishable. In *Jackson v. United States*, No. 16 CIV. 4792 (LAP), 2022 WL 976358 (S.D.N.Y. Mar. 31, 2022), the petitioner's "failure to appeal his § 924(c) conviction occurred nearly two decades before *Johnson*[.]" *Id*. at *6; *see Vilar v. United States*, No. 16-CV-5283, 2020 WL 85505, at *2 (S.D.N.Y. Jan. 3, 2020) (conviction and sentence from 1997 and 1998, before relevant legal issue "was even close to anybody's radar screen"). In *Aquino v. United States*, No. 13-CR-536 (PKC), 2020 WL 1847783 (S.D.N.Y. Apr. 13, 2020), "Second Circuit caselaw at the time of [the petitioner's] direct appeal foreclosed his § 924(c) argument." *Id*. at *2 (citation omitted); *Clayton v. United States*, 456 F. Supp. 3d 575, 578 (S.D.N.Y. 2020) (same); *Camacho v. United States*, No. 13 CR. 58 (AKH), 2019 WL 3838395, at *2 (S.D.N.Y. Aug. 15, 2019) (same).[2] Here,

---

[2] In *Aquino*, *Clayton*, and *Camacho*, the petitioners' § 924(c) convictions were predicated on convictions for conspiracy to commit Hobbs Act robbery. "At the time the petitioner[s] could have filed a direct appeal, it was well-settled in the Second Circuit that a conspiracy to commit Hobbs Act robbery was a 'crime of violence.'" *Clayton*, 456 F.

Petitioner's plea and sentence occurred after *Johnson* and while it was an open question how the Second Circuit would rule on the relevant legal issue. Accordingly, Petitioner has not established cause for failing to pursue his claim on direct appeal.

Petitioner also has not established prejudice. The Second Circuit's decision in *United States v. Dussard*, 967 F.3d 149 (2d Cir. 2020) is dispositive on this question. In *Dussard*, the defendant "entered into a plea agreement with the government . . . pursuant to which he would plead guilty to 'Counts One and Three,' which were described as follows: Count One charges the defendant with *conspiracy to commit Hobbs Act robbery* from at least in or about August 2016, up to and including on or about September 8, 2016, in violation of 18 U.S.C. § 1951. . . . Count Three charges the defendant with using and carrying a firearm during and in relation to a crime of violence, to wit, *the Hobbs Act robbery* charged in Count One of the Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i)." *Id*. at 152 (emphases and alteration in original). The government conceded, in light of the Supreme Court's decision in *United States v. Davis*, 588 U.S. 445 (2019), "that Dussard's [§ 924(c)] conviction on Count Three on the basis of firearm possession during and in relation to a Hobbs Act conspiracy [was] error." 967 F.3d at 156. But the Second Circuit concluded that the error was not prejudicial, explaining that the plea agreement "could . . . have achieved the same result validly by making a simple reference to the Count Two narcotics conspiracy as a predicate drug trafficking crime in

---

Supp. 3d at 578 (citing *United States v. Patino*, 962 F.2d 263, 267 (2d Cir. 1992) and *United States v. Barrett*, 903 F.3d 166, 175 (2d Cir. 2018)). This law was subsequently abrogated by the Supreme Court's decision in *United States v. Davis*, 588 U.S. 445 (2019).

lieu of the reference to the Count One Hobbs Act robbery conspiracy as a predicate crime of violence." *Id*. at 157.

*Dussard* thus conflicts with Petitioner's contention that a § 924(c) conviction based on a subsequently invalidated predicate conviction can be "permitted to stand" only if "the defendants were charged with a 924(c) count that included both a valid predicate (for example, drug trafficking or murder), and a non-valid predicate (for example Hobbs Act conspiracy or racketeering conspiracy)." (Dkt. 79 at 7). The *Dussard* court explained that "the applicability of § 924(c)(1)(A)(i) does not require the defendant to be convicted of (or even charged with) the predicate crime, so long as there is legally sufficient proof that the predicate crime was, in fact, committed." 967 F.3d at 157 (quotation and citation omitted).

"Courts have found the logic of *Dussard* applicable in the habeas context. . . . Petitioners seeking to show 'actual prejudice' under the procedural default standard have at least as great a burden as Dussard did on appeal." *Roberts v. United States*, No. 15-CR-95-16 (AJN), 2022 WL 1471309, at *4 (S.D.N.Y. May 10, 2022) (collecting cases). "In assessing whether the predicate crime was committed, the Court reviews the record as a whole." *Id*.

Here, in addition to the attempted Hobbs Act robbery in count 6, Petitioner pleaded guilty to five completed Hobbs Act robberies in counts 1 through 5. The Second Circuit has held that completed Hobbs Act robbery is a crime of violence for purposes of §924(c). *See United States v. McCoy*, 58 F.4th 72, 74 (2d Cir. 2023) ("[W]e see nothing in *Taylor's* language or reasoning that undermines this Court's settled understanding that completed Hobbs Act robberies are categorically crimes of violence pursuant to section

924(c)(3)(A)."), *cert. denied*, 144 S. Ct. 115, 217 L. Ed. 2d 34 (2023), and *cert. denied sub nom. Nix v. United States*, 144 S. Ct. 116 (2023).

The plea agreement recites that during the completed Hobbs Act robberies charged in counts 1, 2, 4, and 5, Petitioner pointed a handgun at the victim. (Dkt. 53 at ¶ 4). As to the completed Hobbs Act robbery charged in count 3, the plea agreement states that Petitioner "entered the store with a small black handgun drawn and instructed Victim C, a store employee, to open the register and hand over the cash." (*Id.*). Petitioner also provided a written statement in connection with sentencing in which he referred to having used the same firearm during all the robberies. (Dkt. 64 at 13 ("I went into my father's gun cabinet and picked out an unloaded firearm. I used that firearm for these robberies.")).

The Court concludes that there is legally sufficient proof—namely, Petitioner's own admissions—to conclude that Petitioner possessed a firearm during and in relation to the completed Hobbs Act robberies charged in counts 1 through 5, to which he also pleaded guilty. And the plea agreement could have achieved the same result by referring to any of those five completed Hobbs Act robberies as the predicate crime of violence, in lieu of the reference to the count 6 attempted Hobbs Act robbery.

The government also correctly points out that at the time Petitioner entered into the plea agreement, the First Step Act had not been signed into law, meaning that Petitioner could have been "subjected . . . to a mandatory minimum 25 year consecutive sentence on each potential § 924(c) violation, for a total of an additional mandatory term of 125 years imprisonment." (Dkt. 74 at 6). Under these circumstances, Petitioner cannot show actual prejudice. *See Roberts*, 2022 WL 1471309, at *4 (finding no prejudice in part because

"[t]he plea deal allowed Petitioner to reduce the sentencing exposure he faced at trial in half and to instead serve the mandatory minimum for Count Four of the indictment, 120 months of incarceration.").

Petitioner does not argue that he has demonstrated actual innocence, nor would any such argument have merit. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousely*, 523 U.S. at 623. "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id*. at 624. And, as noted above, "the applicability of § 924(c)(1)(A)(i) does not require the defendant to be convicted of (or even charged with) the predicate crime, so long as there is legally sufficient proof that the predicate crime was, in fact, committed." *Dussard*, 967 F.3d at 157 (quotation and citation omitted). The conduct to which Petitioner admitted in connection with his plea means that he has not and cannot demonstrate that he is factually innocent of the crime of conviction. *See Jackson*, 2022 WL 976358, at *7 ("Even if Mr. Jackson had alleged actual innocence, the conduct described in his plea colloquy would preclude him from establishing it.").

In sum, Petitioner has demonstrated neither cause and prejudice, nor actual innocence. He therefore cannot pursue his procedurally defaulted claim and his § 2255 motion must be denied.

IV. <u>**CONCLUSION**</u>

For the foregoing reasons, the Court denies Petitioner's § 2255 motion. (Dkt. 71). The Clerk of Court is directed to close Civil Action No. 6:23-cv-06299 EAW. The Court

declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:       July 22, 2025
              Rochester, New York